

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 10, 1939

Hon. Joe J. Fisher
District Attorney
San Augustine, Texas

Dear Sir:

Opinion No. 0-250
Re: Fees of County Treasurer

Your request for an opinion on the following questions:

"1. Is the County Treasurer of Newton County entitled to retain one-third of the excess fees over $2,000.00 until the amount reaches $3,000.00?

"2. If not, why does Article 3891 say EACH OFFICER named in this CHAPTER?

"3. If not, why would a County Treasurer have to fill out a Sworn Statement as provided for in Article 3897, as to Excess Fees of office?

"4. If not, why would the County Treasurer be allowed to pay for necessary expenses of office, such as premiums on Surety Bonds, Postage, and so forth under Article 3899?"

has been received by this office.

Article 3883, Revised Civil Statutes, entitled Maximum Fees allows and provides certain fees for the officers named therein. This article does not include County Treasurers and has application only to those officers specifically mentioned in the statute.

Article 3891 reads in part as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand Dollars ($3,000). Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Fourteen Hundred Dollars ($1400)."

Article 3899 allows all the actual and necessary expenses incurred by such officer in the conduct of his office, such as stationery, stamps, telephone, premium on official bonds, including the cost of surety bonds for his deputies, premiums on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses and other necessary expenses.

Articles 3891 and 3899 pertain only to those officers named in Article 3883 as these statutes refer both specifically and by implication to Article 3883.

Article 3899b reads in part as follows:

"Section 1. There shall be allowed to County Judges, Clerks of the District and

County Courts, Sheriffs, County Treasurers,
Tax Assessors and Collectors, such books,
stationery, including blank bail bonds and
blank complaints, and office furniture as
may be necessary for their offices, to be
paid for an the order of the Commissioners
Court out of the County Treasury; and suit-
able offices shall also be provided by the
Commissioners' Court for said officers at
the expense of the county. And such books
and stationery as are necessary in the per-
formance of their duties shall also be fur-
nished Justices of the Peace by said Com-
missioners Court. Provided all purchases
herein must be approved by Commissioners
Court, and must be made under the provisions
of Article 1659, Revised Civil Statutes of
Texas, 1925."

Article 3899b provides offices, office supplies,
and office furniture as may be necessary for the officers
named therein. The County Treasurer is included in this
act and is entitled to the benefits which this statute
mentions. However, this statute does not provide for the
payment of premiums on surety bonds or any other expenses
allowed by Article 3899 except stationery.

Article 3897 reads as follows:

"Each district, county and precinct
officer, at the close of each fiscal year
(December 31st) shall make to the district
court of the county in which he resides a
sworn statement in triplicate (on forms
designed and approved by the State Auditor)
a copy of which statement shall be forwarded
to the State Auditor by the clerk of the
district court of said county within thirty
(30) days after the same has been filed in his
office, and one copy to be filed with the
county auditor, if any; otherwise said copy
shall be filed with the Commissioners' Court.
Said report shall show the amount of all fees,
commissions and compensations whatever earned
by said officer during the fiscal year; and
secondly, shall show the amount of fees, com-
missions and compensations collected by him

during the fiscal year; thirdly, said re-
port shall contain an itemized statement of
all fees, commissions and compensations
earned during the fiscal year which were
not collected, together with the name of the
party owing said fees, commissions and com-
pensations. Said report shall be filed not
later than February 1st following the close
of the fiscal year and for each day after
said date that said report remains not filed,
said officer shall be liable to a penalty
of Twenty Five ($25.00) Dollars, which may
be recovered by the county in a suit brought
for such purposes, and in addition said of-
ficer shall be subject to removal from office."

Article 3943 provides, generally, that the com-
missions allowed to any County Treasurer shall not exceed
Two Thousand ($2,000.00) Dollars annually.

In view of the foregoing statutes, you are re-
spectfully advised that it is the opinion of this Depart-
ment that the County Treasurer of Newton County is not
entitled to retain one-third of the excess fees over Two
Thousand ($2,000.00) Dollars until the amount reaches
Three Thousand ($3,000.00) Dollars, or to retain any
amount of such fees over Two Thousand ($2,000.00) Dollars
and that Articles 3891 and 3899 have no application as to
the County Treasurer but each County Treasurer must make
the sworn statement as required by Article 3897.

Trusting that the foregoing answers your in-
quiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AW

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS